
-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN HOGAN, 97B0797,

        Plaintiff,

-v-

Commissioner BRIAN FISCHER,
Superintendent JAMES T. CONWAY,
Deputy Superintendent PAUL CHAPPIUS,
Sergeant EDWIN MENDEZ,
Sergeant CRAIG BALCER,
Officer CHRISTOPHER J. ERHARDT,
Officer GARY J. PRITCHARD,
Officer KEVIN J. GEFERT,
Officer NICHOLAS P. LANNI,
Officer NICHOLAS J. PIECHOWICZ,
Officer JOHN DOE #1,
Officer JOHN DOE #2,
Officer JOHN DOE #3,
Officer JOHN DOE #4,
Officer JOHN DOE #5,
Officer JOHN DOE #6,
Officer JOHN DOE #7,
Nurse JANE DOE #1, and
Nurse JANE DOE #2,

        Defendants.

DECISION AND ORDER
09-CV-6225CJS(Fe)



## INTRODUCTION

Plaintiff John Hogan, an inmate proceeding *pro se*, filed this action *pro se* (Docket No. 1) and was granted permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff is seeking injunctive relief and, "in view of the serious nature of plaintiff's allegations", the Court on May 22, 2009 directed

> that the Clerk of the Court take the following steps to apprise the defendants of plaintiff's motion. First, because the Court anticipates that defendants will be represented by the New York State Attorney General, the Clerk is directed to mail a copy of the Complaint and the motion papers, together with

>       this Order, to the Assistant Attorney General in Charge,
>       Attorney General's Office, 144 Exchange Street, Suite 200,
>       Rochester, New York 14614. Second, the Clerk of the Court
>       is directed to ensure that all necessary paperwork is submitted
>       to the U.S. Marshal without delay.

(Docket No 4)

As a *pro se* prisoner-litigant proceeding *in forma pauperis,* plaintiff is "entitled to rely on service by the U.S. Marshals." *Romandette v.. Weetabix Co.,* 807 F.2d 309, 311 (2d Cir.1986) (citing Fed.R.Civ.P. 4(c)(2)). So long as such a prisoner provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m). *See Moore v. Jackson,* 123 F.3d 1082, 1085-86 (8th Cir.1997); *Bird v. Stone,* 94 F.3d 217, 220 (6th Cir.1996); *Dumaguin v. Sec'y of HHS,* 28 F.3d 1218, 1221 (D.C.Cir.1994); *Puett v. Blandford,* 912 F.2d 270, 276 (9th Cir.1990); *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir.1990). None of the service forms mailed to defendants by the Marshal's Service on June 19, 2009 has been returned indicating in any way that service at the addresses provided by plaintiff was not possible. Nor have acknowledgments of service have been received by the Marshal's Service or the Court.

The Court hereby requests that the Attorney General of the State of New York assist the Court in ascertaining what impediments there may be in the Marshal's attempts to serve the named defendants. The Attorney General of the State of New York is requested to provide any information he can ascertain by **November 6, 2009.** The Clerk of Court shall send a copy of this Order and the complaint to Debra A. Martin, Esq., Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614.

The Court hereby grants an extension of time to serve the complaint. Time to serve the defendants is extended for a period of 120 days from the date this Order is signed.

SO ORDERED.

Dated:     Oct. 7,           , 2009
            Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge