UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN HOGAN,

                             Plaintiff,

                    DECISION & ORDER

-vs-

                    09-CV-6225-CJS-JWF

BRIAN FISCHER, *et al.,*

                           Defendants.

Plaintiff has filed a letter application dated November 5, 2009, addressed to U.S. Magistrate Judge Jonathan W. Feldman (Docket No. 17), seeking, "an order mandating that if I am brought to medical or any other place off camera, that a video be taken of of [sic] said trip. I am also asking that you make a decision on all[1] my injunction relief [sic] as the Attorney General has not disputed any of them." (John Hogan letter to Hon. Jonathan W. Feldman (Nov. 5, 2009), at 2 ("Letter").) In addition, in Docket No. 7, filed on September 9, 2009, and entitled, Emergency Motion for Restraining Order and Expedited Hearing, which the Clerk docketed as Motion for Expedited Hearing, Plaintiff asks for the return of his physical property consisting of six draft bags, one typewriter, one TV, one writing board and two water buckets, with a complete list of property available from his family and in property. He also asks that the Court order Defendants to transfer him to a safe facility or place him in protective custody, order a return of his property, or order compensation. Finally, in a letter addressed to Judge Feldman on October 22, 2009 (Docket No. 15), Plaintiff sought to be placed in protective custody. Since Plaintiff is seeking various forms of injunctive relief, his applications were transferred to the undersigned.

Plaintiff's applications are governed by Federal Rule of Civil Procedure 65. That rule requires that a plaintiff must make a showing of: (1) irreparable harm; and either (2) likelihood

---

[1]Apparently a reference to the outstanding motions, Docket Nos. 7 and 15.

of success on the merits; or (3) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (4) a balance of hardships tipping decidedly in favor of the movant. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *See Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997) (citations omitted).

All Plaintiff's applications involve requests for affirmative relief. In such situation, the Second Circuit has advised:

> The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir.1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id.*… [T]his distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir.1990) (injunction going beyond preservation of status quo requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir.1977). The "clear" or "substantial" showing requirement-the variation in language does not reflect a variation in meaning-thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.

*Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

Here the Court determines that, with respect to each of his applications, Plaintiff has not met the threshold requirements for injunctive relief outlined above. Accordingly, Plaintiff's motions (Docket Nos. 7, 15 & 17) seeking a preliminary injunction are denied.

IT IS SO ORDERED.

Dated: November 19, 2009
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge