```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JOHN HOGAN,
          Plaintiff(s),
    v.

JAMES T. CONWAY, Superintendent,
*ET AL.*,                                                 DECISION & ORDER
                                                                               09-CV-6225

          Defendant(s).

## Background

On May 5, 2009, *pro se* plaintiff commenced the instant action by filing a Complaint pursuant to 42 U.S.C. § 1983, alleging sixteen causes of action for various alleged violations of his constitutional rights. See Complaint (Docket # 1). Specifically, plaintiff claims, *inter alia*, that he was (1) retaliated against for writing grievances; (2) "continuously harassed by staff"; (3) "robbed of his personal property"; (4) subjected to cruel and unusual punishment; (5) assaulted by defendants; (6) denied medical attention and treatment; (7) threatened "with death" by defendants; and (8) had personal property damaged by defendants. Id. Currently pending before the Court are plaintiff's motions for sanctions (Dockets ## 16, 44), to compel (Dockets ## 19, 54), for reconsideration (Docket # 28), for an extension of time to identify the John Doe defendants (Docket # 52), and for an extension of time to amend pleadings (Docket # 53).

**Discussion**

**I.   Plaintiff's Motions for Sanctions (Dockets ## 16, 44)**

A court, pursuant to its inherent powers, has the discretion to sanction conduct that it considers to be an abuse of the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 42-44 (1991).; see also Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 224 (W.D.N.Y. 2000). To impose sanctions, the court must find that the offending conduct "was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'"  Murphy, 196 F.R.D. at 225 (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 326 (2d Cir. 1999)).

Currently pending before the Court are plaintiff's motions for sanctions (Dockets ## 16, 44).  Plaintiff filed his first motion for sanctions (Docket # 16) on November 10, 2009, therein seeking sanctions against the defendants "for stealing and/or destroying plaintiff's legal papers associated with this action." On November 24, 2009, the Court held a scheduling conference.  During the November 24th conference, "the plaintiff raised to the Court the issue of his motion for sanctions relating to missing/damaged paperwork and it was agreed that the Court would provide copies of docket #s 1, 5, 8, and 9 to the plaintiff." See Declaration of J. Richard Benitez, Esq. (Docket # 22) at ¶ 8.  Accordingly, the Court declines to sanction defendants and, therefore, plaintiff's motion

for sanctions (Docket # 16) is **denied.**

With his second motion for sanctions (Docket # 44), plaintiff seeks to sanction defendants for failing to fully comply with the Court's November 30, 2009 Scheduling Order, which ordered that mandatory disclosures be filed by January 8, 2010 (Docket # 21). Specifically, though defendants have produced over 400 pages of discovery documents (see Dockets ## 35, 50), they failed to produce certain mandatory Rule 26 disclosures. Defense counsel advised the Court that he would file defendants' Rule 26 disclosures by August 27, 2010 and he has done so (Docket # 70). The Court does not find that defendants' conduct occurred in bad faith or was motivated by improper purposes and, therefore, declines to sanction defendants. Accordingly, plaintiff's motion for sanctions (Docket # 44) is **denied**.

## II.   Plaintiff's Motions to Compel (Dockets ## 19, 54)

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . [and the] information [sought] need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." In addition, the Rule provides that upon a showing of good cause, the court may order discovery of any matter relevant to the litigation. See Fed. R. Civ. P. 26(b)(1). In general, limitations on discovery should only be imposed where the requested discovery is "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege." In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992).

With respect to plaintiff's first motion to compel discovery (Docket # 19), plaintiff seeks to compel responses to the discovery demands he served in June 2009. Plaintiff filed his first motion to compel (Docket # 19) on November 19, 2009. At that time, a Rule 16 scheduling conference had not yet been held. Since the clock had not yet begun to run for discovery to commence or for defendants to respond to discovery demands, plaintiff's motion is premature and, accordingly, it is hereby ordered that plaintiff's motion to compel discovery (Docket # 19) is **denied without prejudice to renew**. On November 24, 2009, the Court held a Rule 16 scheduling conference. On November 30, 2009, the Court issued a Scheduling Order (Docket # 21), therein ordering that defendants had until December 24, 2009 to file a response to plaintiff's discovery demands. On December 24, 2009, defendants timely responded to plaintiff's discovery demands, and produced 370 pages

4

of documents. (Docket # 35). If upon review of defendants' discovery responses (Docket # 35) plaintiff determines that they do not sufficiently respond to his demands, he may file a new motion to compel.

With respect to plaintiff's second motion to compel (Docket # 54), plaintiff seeks the personnel files of defendants Mendez, Balcer, Erhardt, Gefert, Lanni, Piechowicz, and Pritchard. Plaintiff seeks to review the personnel files "for evidence of past similar allegations made against" these defendants. (Docket # 54). The deadline to respond to plaintiff's motion (Docket # 54) was March 11, 2010. (Docket # 55). To date, defendants have not opposed the instant motion.

Prior complaints made against the defendants, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity. Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5-6 (E.D. Cal. Jan. 23, 2009); Session v. Rodriguez, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997). Defense counsel is hereby ordered to review his clients' (defendants Mendez, Balcer, Erhardt, Gefert, Lanni, Piechowicz and Pritchard) personnel files and produce any such information that puts his clients' truth or veracity at issue, and

any such information that is similar to the allegations raised in the Complaint.  In the event that no such information exists, defense counsel shall provide an affidavit to that effect.  See Equal Emp't Opportunity Comm'n v. Morgan Stanley & Co., Inc., 132 F. Supp. 2d 146, 161 (S.D.N.Y. 2000)(plaintiff entitled to other complaints regarding conduct similar to that alleged in complaint); Abel v. Merrill Lynch & Co., No. 91 Civ. 6261 (RPP), 1993 WL 33348, at *5 (S.D.N.Y. 1993)(defendant ordered to produce all documents relating to other similar complaints brought against it).

As to the timing of such disclosure, the Court notes that defendants have filed a motion to dismiss (Docket # 61) certain defendants and causes of action alleged in plaintiff's Complaint. So as not to require defense counsel to provide impeachment information for defendants that may ultimately be dismissed from the case, defense counsel shall comply with this Order within **thirty (30) days** from the date Judge Siragusa determines the pending motion to dismiss.  In all other respects, plaintiff's motion to compel (Docket # 54) is denied.

### III. Plaintiff's Motion for Reconsideration (Docket # 28)

With his motion for reconsideration (Docket # 28), plaintiff requests that the Court reconsider its November 30, 2009 Order (Docket # 21) which denied his motion for sanctions (Docket # 6). In its November 30, 2009 Order (Docket # 21), the Court denied

plaintiff's motion for sanctions (Docket # 6) on grounds that it was premature.  Specifically, plaintiff filed his motion for sanctions (Docket # 6) on September 4, 2009, therein seeking sanctions against defendants for their failure to respond to the discovery demands (Docket # 5) he served on June 5, 2009.  At the time he served his discovery demands (Docket # 5) and at the time he filed his motion for sanctions (Docket # 6), a Rule 16 scheduling conference had not yet taken place.  Accordingly, in its Order denying plaintiff's motion for sanctions, the Court noted that "[a]s discussed during the conference [on November 24, 2009], discovery served prior to the Rule 16 conference will be deemed served as of the day of the conference."  See Order dated November 30, 2009 (Docket # 21) at ¶ 5.

The Court sees no reason to reconsider its previous Order.  As the Court set forth in its November 30th Order, plaintiff's September 4, 2009 motion for sanctions (Docket # 6) was premature, as his June 5, 2009 discovery demands (Docket # 5) were not deemed served until November 24, 2009, the date of the Rule 16 conference.  There is no reason for the Court to change its ruling at this time and, therefore, plaintiff's motion for reconsideration (Docket # 28) is **denied**.

## IV.   Plaintiff's Motions for Extensions of Time (Dockets ## 52, 53)

With the instant motions for extensions of time, plaintiff

seeks an extension of time to determine the identities of and to serve the John and Jane Doe defendants (Docket # 52), and to amend pleadings/join parties (Docket # 53).  Plaintiff timely filed the instant motions on February 8 and February 9, 2010.[1]  The deadline to respond to the instant motions was March 11, 2010.  (Docket # 55).  The defendants have not responded to or opposed plaintiff's motions.  Accordingly, plaintiff's motions to extend time to identify the "Does" (Docket # 52) and to join parties/amend pleadings (Docket # 53) are **granted**.

Plaintiff asserts that defendants have refused to provide him with "the information needed to enable him to identify the 'Does.'"  See Docket # 52 at ¶ 7.  Plaintiff alleges that the defendants "have continuously refused to turn over information to enable Plaintiff to identify the 'John' and 'Jane Does' in this action."  See Affidavit of John Hogan (Docket # 53) at ¶ 2.  In his Complaint, plaintiff lists several identified defendants, seven John Doe defendants and two Jane Doe defendants.  (Docket # 1).

Plaintiff's fifth, sixth, eighth, ninth, and tenth claims allege conduct by seven different "John Doe" defendants and his eleventh and twelfth claims allege conduct by two "Jane Doe" defendants.  The Complaint is very detailed as to the date and time these defendants interacted with plaintiff.  By deliberately

---

[1] Pursuant to the Court's Scheduling Order (Docket # 20), motions to join parties/amend pleadings were due by March 1, 2010.

8

declining to oppose or respond to plaintiff's motion to extend the time to identify the unknown defendants, defense counsel has made it more difficult for the Court to determine the difficulty, if any, in identifying the Jane and John Does.  For example, the two Jane Doe defendants are prison nurses who treated the plaintiff on February 16, 2009 at approximately 8:00 a.m.  It certainly would be helpful to identify and effectuate service on these Jane Doe defendants if defense counsel would assist the Court in determining whether facility nurses treated the plaintiff on the morning of the 16th and, if so, to identify them.  Similarly, the "John Doe" defendants allegedly interacted with the plaintiff on specific dates and times in mid-February 2009 as set forth in the Complaint and it would be helpful if defense counsel would assist in determining whether there are documents or records that could be provided to plaintiff to assist in identification of these unknown defendants.

Accordingly, and pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Court directs that the Attorney General of the State of New York examine their records and the discovery provided to ascertain whether there is information that can be provided to the Court and plaintiff so as to allow the John and Jane Doe defendants to be identified and served.  The Attorney General need not undertake to defend or indemnify these individuals at this juncture.  This order merely provides a means by which

plaintiff may name and properly serve the defendants as instructed by the Second Circuit in <u>Valentin</u>.

The Attorney General of the State of New York is hereby requested to produce the information specified above regarding the identities of the John and Jane Doe defendants by **October 15, 2010**. Once available information is provided to plaintiff, plaintiff shall amend his complaint to identify the John and Jane Does and make arrangements for service by the Marshal.

### Conclusion

Plaintiff's motions for sanctions (Dockets ## 16, 44) are **denied**. Plaintiff's motion to compel (Docket # 19) is **denied without prejudice to renew**. Plaintiff's motion to compel (Docket # 54) is **granted in part and denied in part**. Plaintiff's motion for reconsideration (Docket # 28) is **denied**. Plaintiff's motions for extensions of time (Dockets ## 52, 53) are **granted**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   September 16, 2010.
         Rochester, New York