UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN HOGAN,

                            Plaintiff,

-vs-

BRIAN FISCHER, *et al.*,

                           Defendants.

MEMORANDUM & ORDER

09-CV-6225-CJS-JWF

**Siragusa, J.** Plaintiff moves pursuant to Federal Rule of Civil Procedure 60(b) and "§ 2854 [sic] of the Federal Rules of Civil Procedure" for reversal of an Order (Docket No. 75) entered by the Honorable Jonathan W. Feldman, U.S. Magistrate Judge, on September 16, 2010, which: (1) denied Plaintiff's motions for sanctions (Docket Nos. 14 & 44); (2) denied his motion to compel (Docket No. 19), without prejudice to renew; (3) granted, in part, and denied, in part, his motion to compel (Docket No. 54); (4) denied his motion for reconsideration (Docket No. 28); and (5) granted his motions for extensions of time (Docket Nos. 52 & 53). Plaintiff contends that Judge Feldman erred in deciding his motions for sanctions (Docket Nos. 16 & 44), and his motion to compel discovery (Docket Nos. 19 & 54), and seeks an Order, "allowing Defendants to provide the Personnel Files of Defendant's [sic] 30 days after this Court[']s decision on Defendant's Motion to Dismiss…." (Notice of Motion, Docket No. 78, at 2.)

Judge Feldman filed his decision on Thursday, September 16, 2010, and a copy of the same was mailed to Plaintiff at Attica Correctional Facility in Attica, New York, on the same day. Since this case is with Judge Feldman pursuant to 28 U.S.C. § 636, the Court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A)

(2009). Plaintiff's Notice of Motion, which the Court construes as an objection to Judge Feldman's decision, was timely filed. Local Rule 72.3(a)(2). reads in pertinent part as follows,

> All orders of the Magistrate Judge issued pursuant to these rules, as authorized by 28 U.S.C. § 636(b)(1)(A), shall be final unless within ten days after being served with a copy of the Magistrate Judge's order, a party files with the Clerk and serves upon opposing counsel a written statement specifying the party's objections to the Magistrate Judge's order. The specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out.

W.D.N.Y. Loc. R. Civ. P. 72.3(a)(2) (2003).

Plaintiff's motion (Docket No. 78) was filed on Wednesday, October 13, 2010, and was sent to the Court in an envelope postmarked on Friday, October 8, 2010. (Docket No. 78 at 11.) His certificate of service, however, indicates that he mailed his objections on Monday, October 4, 2010. (Docket No. 78 at 10.) Assuming Plaintiff received Judge Feldman's decision on Monday, Friday, Saturday, September 18, 2010, he was required to file his objections by Wednesday, September 29, 2010. Fed. R. Civ. P. 6(a)(1). Construing the filing date as Monday, October 4, 2010, Plaintiff's objections were filed five days after the due date. Further, Plaintiff has not requested an extension of time. Fed. R. Civ. P. 6(b). Nor has Plaintiff shown excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, pursuant to Loc. R. 72.3(a)(2), Plaintiff's objections are denied and Judge Feldman's decision (Docket No. 75) is final.

IT IS SO ORDERED.

Dated: November 15, 2010
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge