UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN HOGAN (97-B-0797),

                Plaintiff,

-vs-

JAMES T. CONWAY, SUPERINTENDENT;
PAUL CHAPPIUS, DEPUTY SUPERINTENDENT FOR
SECURITY; EDWIN MENDEZ, CRAIG BALCER,
SERGEANTS; CHRISTOPHER J. ERHARDT, GARY J.
PRITCHARD, KEVIN J. GEFERT, NICHOLAS P. LANNI,
NICHOLAS J. PIECHOWICZ, JOHN DOES 1 - 7,
CORRECTIONS OFFICERS; JANE DOES 1 - 2, NURSES,

                Defendants.

**STIPULATION AND ORDER OF SETTLEMENT**

09-CV-6225

WHEREAS, plaintiff, John Hogan (97-B-0797), commenced the above action alleging that the defendants violated his constitutional, statutory, administrative and/or civil rights during plaintiff's incarceration in the New York State Correctional Services system;

WHEREAS, the parties are interested in resolving all the remaining issues alleged in the complaint in this action, subsequent amended complaint(s) and/or proposed amended complaint(s) in this action, and have negotiated in good faith for that purpose;

WHEREAS, none of the parties to the above-captioned action is an infant or incompetent person; and

WHEREAS, the parties to the above-captioned action are desirous of discontinuing the litigation;

1

IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or respective counsel as follows:

    1) The parties hereby agree that the hereinabove captioned action is dismissed and discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

    2) Any and all of the claims for damages by plaintiff, which are the subject of this litigation, or otherwise arise out of any of the incidents alleged in the complaint, amended complaint and/or proposed amended complaint(s) and any claims or causes of action, including but not limited to any state, federal or administrative claims or causes of action, that could have been asserted by plaintiff against the defendants and any of the State of New York and the New York State Department of Corrections and Community Supervision current or former employees, officers or representatives arising out of any of the incidents alleged in the complaint, amended complaint and/or proposed amended complaint(s) are hereby settled for the sum of seven thousand dollars ($7,000) in full satisfaction of all claims for damages, costs, disbursements, and fees in this court, any other court or administrative agency.

    3) A check in payment of the sum recited in paragraph #2 herein above shall be drawn to the order of the plaintiff and mailed to him and deposited into John Hogan's (97-B-0797) inmate account during his incarceration with the New York State Department of Corrections and Community Service.

    4) In consideration of the payment of the sum recited in paragraph #2 hereinabove the plaintiff, John Hogan's (97-B-0797), hereby releases the defendants, and any and all current or former employees, officers and/or representatives of the

State of New York, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns, and the State of New York and the New York State Department of Corrections and Community Supervision, from any and all claims, including but not limited to state, federal or administrative claims, liabilities and causes of action arising out of the circumstances set forth in the complaint, amended complaint and/or subsequent proposed amended complaint(s) in the above-captioned action.

5) Nothing in this So Ordered Stipulation of Settlement shall be constructed as an admission or concession of liability whatsoever by the defendants or the State of New York, the New York State Department of Corrections and Community Supervision regarding any of the allegations made by the plaintiff in his complaint, amended complaint and/or proposed amended complaint(s) herein including but not limited to claims that the plaintiff's rights under the Federal or New York State Constitutions, Statutes, and/or common law have been violated and all other claims set forth in any complaint and/or subsequent amended complaints.

6) Payment of the amount recited in paragraph #2 hereinabove is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under New York Public Officers Law Section 17.

7) Payment of the amounts recited in paragraph #2 hereinabove will be made within one hundred twenty (120) days after the approval of this stipulation by the Court and receipt by defendant's counsel of a copy of the fully executed so-ordered stipulation of settlement as entered by the Court. In the event that the aforesaid payment is not made within the one hundred twenty (120) day period, interest shall

accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred twenty-first (121) day after receipt by defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement.

8) This Stipulation and Order of Settlement shall have no precedential value or effect whatsoever and shall not be admissible in any other action, proceeding and/or administrative forum as evidence or for any other purpose except in an action or proceeding to enforce this Ordered Stipulation of Settlement.

9) Nothing contained herein constitutes an admission of liability for any cause of action or fact alleged by Plaintiff in the underlying action hereto, by the State of New York, its executive agencies or the Defendants.

10) Nothing contained herein constitutes a waiver by the State of New York, its executive agencies or the Defendants of any rights held pursuant to federal and state law or by contract in any other proceedings not subject to this Settlement Order.

11) This Stipulation and Order of Settlement embodies the entire agreement of the parties in this manner.



Pursuant to 28 U.S.C. Section 1746, I, John Hogan, declare under penalty of perjury that the aforementioned is true and correct:

Dated: August 28, 2014

John Hogan (97-B-0797)
~~Auburn Correctional Facility~~ Clinton Corr. Facility
~~P.O. Box 618~~
~~135 State Street~~ PO Box 2000
~~Auburn, NY 13021-1800~~ Dannemora, NY 12929

Dated: ~~August~~ September 10, 2014

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendants*

By:

J. Richard Benitez
Assistant Attorney General
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
Richard.benitez@ag.ny.gov

IT IS SO ORDERED,

Dated: Sept 12, 2014

ENTER:

HON. MICHAEL A. TELESCA
United States District Judge

5