UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

JOHN HOGAN,

                Plaintiff,

    -vs-

BRIAN FISCHER, Commissioner D.O.C.S.
et al.,

            Defendants.

**DECISION AND ORDER**
**No. 6:09-CV-6225(MAT)**

─────────────────────────────────

## I.  Introduction

John Hogan ("Plaintiff") has filed a pro se Motion for Miscellaneous Relief (Dkt #119) in which he requests an Order directing Defendants to pay interest allegedly due to him "starting from the date of 121 days of the STIPULATION AND ORDER OF SETTLEMENT dated September 12, 2014, through January 19, 2016." Dkt #119, p. 2. For the reasons discussed below, the motion is denied.

## II. Background

The Stipulation and Order of Settlement dated September 12, 2014, signed by the parties and this Court, ordered Defendants to pay the settlement funds ($7,000) to Plaintiff within 120 days (i.e., Saturday, January 10, 2015), along with interest starting on the 121st day, if the settlement funds were not paid by that date. Plaintiff states that he did not receive payment of the $7,000 until January 19, 2016. He alleges that he is entitled to interest on that amount, calculated from the 121st day (i.e., Sunday, January 11, 2015), until January 19, 2016.

Plaintiff filed the instant motion on February 10, 2016. The Court set a scheduling order stating that responses were due by March 10, 2016, and that the motion would be submitted on March 16, 2016. On March 14, 2016, Defendants filed a declaration in opposition.

That same day, Plaintiff mailed his reply requesting the Court grant the relief he seeks by default, due to Defendants' failure to file a timely response. The Court recognizes that Defendants' response was four days late and reminds Defendants' attorney to pay careful attention to the dates in future scheduling orders. Regardless of whether the Court considers Defendants' response, the Court has an adequate basis to deny Plaintiff's motion, as discussed further below.

## III. Discussion

### A.   Failure to Retain Jurisdiction over Stipulation

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) (citation omitted). Thus, a district court "'does not automatically retain jurisdiction to hear a motion to enforce' a settlement agreement simply by virtue of having disposed of the original case." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quotation omitted). Because a motion to enforce a settlement agreement is, at its core, "a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal

-2-

suit," Kokkonen, 511 U.S. at 381, it "requires its own basis for jurisdiction," id. at 378; accord Hendrickson, 791 F.3d at 358.

The Second Circuit has clarified that "there are only two ways in which a district court may retain ancillary jurisdiction to enforce the terms of a settlement agreement: it may 'expressly retain jurisdiction over enforcement of the agreement' in an order of the court, or it may 'incorporate . . . the terms of that agreement' in such an order." Hendrickson, 791 F.3d at 359-60 (quotations omitted). Here, the Court did not expressly retain jurisdiction over enforcement of the Stipulation and Order of Settlement. Nor did the Court incorporate the terms of the Stipulation and Order of Settlement in an separate order retaining jurisdiction. Therefore, under Hendrickson and Kokkonen, the Court does not have ancillary jurisdiction to enforce the terms of the Stipulation and Order of Settlement.

Where, as here, a district court lacks ancillary jurisdiction over the enforcement of a settlement agreement, "'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" Hendrickson, 791 F.3d at 362 (quoting Kokkonen, 511 U.S. at 382). There is no diversity jurisdiction because Plaintiff and Defendants are New York citizens; thus, the statutory requirement of complete diversity—that there be no overlap between any plaintiffs' citizenship and any defendants' citizenship—is not met. See, e.g.,

Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (outlining the complete diversity requirement).

The Court also lacks federal question jurisdiction over the Stipulation and Order of Settlement, because the claim raised by Plaintiff based on the Stipulation is in the nature of a breach of contract—specifically, that Defendants failed to comply with the provision regarding calculation and payment of interest on the settlement funds. Furthermore, the United States is not a party to the contract. See, e.g., Pedroza v. Lomas Auto Mall, Inc., 304 F.R.D. 307, 333 (D. N.M. 2014) (district court lacked federal-question jurisdiction to enforce a settlement agreement that dismissed dealerships' cross-claims against a truck's previous titleholder and obligated previous titleholder to indemnify dealerships against purchasers' claims in connection with sale of truck, where all claims arising from settlement agreement were in nature of breach of contract, and United States was not a party to agreement). The only possible federal question raised in connection with Plaintiff's motion is that dismissal of a federal lawsuit, as outlined in the Stipulation and Order of Settlement, served as its contractual consideration.  However, Kokkonen precludes using this as a "jurisdictional hook." Pedroza, 304 F.R.D. at 333 (citing Kokkonen, 511 U.S. at 380 ("No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part

of its consideration the dismissal of a case before a federal court.")).

In sum, when Plaintiff and Defendants terminated Plaintiff's federal claims by the Stipulation and Order of Settlement, and did not actively preserve the jurisdictional nexus in the Stipulation and Order of Settlement, or by means of a separate order, the jurisdictional nexus evaporated. Pedroza, 304 F.R.D. at 335 (noting that Kokkonen "makes continuous reference to [Federal] [R]ule [of Civil Procedure] 41, the subtypes of dismissals, and the technical steps to which parties or courts must go to vest the court with continuing ancillary jurisdiction—never once mentioning final judgment").

The only remaining question is whether the Court may amend the Stipulation to add a jurisdiction-retention clause, which requires determining under which provision of Federal Rule of Civil Procedure ("F.R.C.P.") 41(a) (Voluntary Dismissal) the Stipulation was entered. Here, although the Stipulation and Order of Settlement bears the Court's signature, it also bears the signature of all parties. "Because all parties stipulated to the dismissal, it was effective before the Court signed it, and would have been effective regardless whether the Court had signed it, as the Court lacks authority to deny dismissal if the [F.R.C.P.] 41(a)(1)(A)(ii)'s requisites are met." Pedroza, 304 F.R.D. at 336 (citing Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998) ("[F.R.C.P.] 41(a)(1) provides two means by which a plaintiff may

voluntarily dismiss a federal court action without obtaining the consent of the district court. The action may be dismissed (I) prior to the service of an answer or of a motion for summary judgment if the plaintiff files a notice of dismissal with the court; or (ii) at any time by stipulation of all parties."); other citations omitted). The Court accordingly concludes that the Stipulation operates by way of F.R.C.P. 41(a)(1)(A)(ii), rather than F.R.C.P. 41(a)(2).

Because the Stipulation operates pursuant to F.R.C.P. 41(a)(1)(A)(ii), the Court cannot amend it to add a jurisdiction-retention clause because the parties here have not agreed that the Court should retain jurisdiction over the settlement. See Kokkonen, 511 U.S. at 381-82, ("[W]hen . . . the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to . . . retain jurisdiction over the settlement contract[ ] *if the parties agree*.") (emphasis added).

As noted above, Plaintiff's claim against Defendants is in the nature of breach of contract under New York State law. The appropriate method for Plaintiff to seek enforcement of the Stipulation appears to be commencement of a plenary (new) action in the appropriate court of New York State. See, e.g., DiBella v. Martz, 58 A.D.3d 935, 937, 871 N.Y.S.2d 453, 455 (3d Dept. 2009) ("[T]he filing of the stipulation effectively discontinuing the

action, as so ordered by [New York State] Supreme Court, was tantamount to the filing of a judgment terminating it. Accordingly, the appropriate method for plaintiffs to enforce the stipulation was the commencement of a plenary action[.]") (citations omitted).

This Court lacks authority to transfer the matter to a court of New York State. <u>See</u>, <u>e.g.</u>, <u>Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins</u>, 70 F.3d 270, 274 (3d Cir. 1995) ("Because [28 U.S.C.] §§ 1631 and 610 clearly demonstrate that Congress intended to limit the authority of the federal courts to transfer cases only to other federal courts, we have held that § 1631 provides no authority for a federal court to transfer a case over which it lacks jurisdiction to a state court.") (citing <u>McLaughlin v. ARCO Polymers, Inc.</u>, 721 F.2d 426, 429 (3d Cir. 1983)).

## IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Miscellaneous Relief (Dkt #119) is denied.

**SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    April 7, 2016
          Rochester, New York